UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IGNACIO TALAVERA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-3595 |
| § | |
| RONALD JACKSON and UNITED STATES § | |
| POSTAL SERVICE § | |
| § | |
| Defendants. | |

## OPINION AND ORDER

Pending before the Court is Defendants' Motion for Remand. Doc. 3. Having considered the motion, the response, the reply, and the applicable law, the Court grants the motion.

### I. Background

On June 19, 2012, Plaintiff Ignacio Talavera collided with a United States Postal Service truck driven by Defendant Ronald Jackson. On March 17, 2014, Talavera filed a personal injury suit against Defendants in the 270th Judicial District Court of Harris County, Texas. Doc. 1-2 at 2. The state court dismissed the suit for lack of subject matter jurisdiction. Doc. 1-2 at 28. The state court subsequently reinstated the case for lack of notice of a hearing on the motion to dismiss. Doc. 1-2 at 46. After Defendants re-filed their motion to dismiss, Doc. 3 at 2, Talavera removed the case to this Court. Doc. 1.

### II. Discussion

In most cases removed from state court, it is the defendant, not the plaintiff, who removes. Talavera asserts a right of removal under three statutes: 28 U.S.C. §§ 1441, 1446, and 2679(d)(2). Under § 1441(a), a civil action brought in state court "may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division

embracing the place where such action is pending." (Emphasis added); *see Shamrock Oil & Gas, Corp. v. Sheets*, 313 U.S. 100, 106 (1941) ("[T]he plaintiff, having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction."). Section 1446(a) sets forth procedures for removal under § 1441 by a "defendant or defendants." Section 2679(d)(2) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial *by the Attorney General* to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

(Emphasis added.) Because Talavera is the plaintiff in this case, removal from state court under §§ 1441, 1446, and 2679(d)(2) is improper.

IV. **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that the Motion for Remand, Doc. 3, is **GRANTED**, and

**ORDERED** that the case is **REMANDED** to the 270th Judicial District of Harris County, Texas. The Clerk shall mail a certified copy of this Order to the Clerk of the 270th Judicial District of Harris County, Texas as required by 28 U.S.C. § 1447.

SIGNED at Houston, Texas, this 17th day of July, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE